**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GROWTH ENERGY,
701 8th Street NW, Suite 450
Washington, DC 20001

        Plaintiff,

   v.

MICHAEL S. REGAN, in his official
capacity as Administrator,
U.S. Environmental Protection Agency,
1200 Pennsylvania Avenue NW
Washington, DC 20460

and

ENVIRONMENTAL PROTECTION
AGENCY,
1200 Pennsylvania Avenue NW
Washington, DC 20460

        Defendants.

Civil Action No.   1:22-cv-01191

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Growth Energy brings this action to compel Defendants, the U.S. Environmental Protection Agency and the Honorable Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency (collectively "EPA"), to promulgate a rule establishing Renewable Fuel Standard ("RFS") applicable volumes for the 2023 compliance year. Continuing its multi-year trend of disregarding statutory deadlines, EPA has ignored the nondiscretionary duty established by Clean Air Act ("CAA") Section 211($o$)(2)(B)(ii), 42 U.S.C. § 7545($o$)(2)(B)(ii), to promulgate that rule "no later than 14 months before" 2023. Plaintiff

1

hereby seeks an injunction requiring EPA promptly to promulgate a rule establishing the applicable volumes for 2023. In support, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2), which authorizes citizen suits concerning EPA's failure to perform a nondiscretionary act or duty under the CAA. Section 7604(a) grants this Court jurisdiction to order EPA to perform such duty. In addition, this Court has jurisdiction over this action and over the parties pursuant to 28 U.S.C. §§ 1331 and 1361. The relief requested is authorized under 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

2.     Venue in this Court is proper under 28 U.S.C. § 1391(e)(1) because Defendants are principally located in the District of Columbia, and a substantial part, if not all, of the events or omissions giving rise to the claims asserted herein arose in this District.

## PARTIES

3.     Plaintiff is a national biofuel trade association. Plaintiff represents producers and supporters of ethanol who are working to bring consumers better choices at the fuel pump, grow America's economy, and improve the environment for future generations. Plaintiff's membership represents nearly half of all American ethanol plants, many of the largest and most prominent fuel retailers in the country, and leading businesses that support the ethanol industry.

4.     Plaintiff represents its members in judicial, legislative, and administrative forums. In particular, Plaintiff routinely comments on EPA rulemaking proposals to implement the RFS program, and has participated in litigation involving several of EPA's RFS regulations since the program's inception.

5.     Plaintiff is a "person" as defined in the CAA. See 42 U.S.C. § 7602(e).

2

6.     Defendant Michael S. Regan is the Administrator of the EPA. The Administrator is charged with implementation and enforcement of the CAA, including the CAA's nondiscretionary duty to timely determine and promulgate renewable fuel obligations on an annual basis.

7.     Defendant EPA is an executive agency of the federal government charged with implementing the CAA's RFS program.

## STATUTORY AND REGULATORY BACKGROUND

8.     In the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594, Congress amended the CAA to establish the RFS program to increase the quantity of renewable fuels used in gasoline in the United States. Congress expanded that program in 2007 with the Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 142. That law increased the overall annual volumes of renewable fuel required through the year 2022 for four different categories of renewable fuel: renewable fuel, advanced biofuel, biomass-based diesel and cellulosic biofuel. These categories are "nested": biomass-based diesel and cellulosic biofuel are types of advanced biofuel, and advanced biofuel is a type of renewable fuel.

9.     The statute specifies minimum, or "applicable," annual volume requirements for renewable fuel, advanced biofuel, and cellulosic biofuel through 2022, and applicable volume requirements for biomass-based diesel for each year through 2012. 42 U.S.C. § 7545(*o*)(2)(B)(i). Congress's purpose in requiring EPA to establish such annual volumes was "to force the market to create ways to produce and use greater and greater volumes of renewable fuel each year." *Americans for Clean Energy v. EPA*, 864 F.3d 691, 710 (D.C. Cir. 2017).

3

10.     For each of those years, EPA was required to "determine and publish" the

renewable fuel obligation "[n]ot later than November 30" of the preceding compliance year. *Id.*

§ 7545(*o*)(3)(B)(i).

11.     Beginning with 2023 (and for all other calendar years), "the applicable volumes

of each [of the four categories of renewable] fuel … shall be determined by the [EPA]

Administrator … based on a review of the implementation of the program during [the prior]

years …, and an analysis of" six statutorily specified factors. 42 U.S.C. § 7545(*o*)(2)(B)(ii).

12.     "The Administrator shall promulgate rules establishing the applicable volumes

[for calendar year 2023 and later years] no later than 14 months before the first year for which

such applicable volume will apply." 42 U.S.C. § 7545(*o*)(2)(B)(ii).

13.     Until EPA has fulfilled its duty to establish the applicable volumes for 2023 (and

converted those volumes to percentage standards applicable to all obligated parties under the

RFS), obligated parties may not know their precise obligations and renewable fuel producers

may not know the level of demand.  *See* 42 U.S.C. § 7545(*o*)(3).  The deadline Congress set for

EPA to establish the applicable volumes is intended to inform obligated parties and renewable

fuel producers, prior to the relevant compliance year, of the upcoming RFS obligations so they

can plan accordingly. As EPA indicated when it promulgated regulations for the expanded RFS

program in 2007, "[g]iven the implications of these standards and the necessary judgment that

can[no]t be reduced to a formula akin to the [previous RFS program] regulations, we believe it is

appropriate to set standards through a notice-and-comment rulemaking process. Thus, for future

standards, we intend to issue [a Notice of Proposed Rulemaking] by summer and a final rule by

November 30 of each year in order to determine the appropriate standards applicable in the

following year." *Regulation of Fuels and Fuel Additives: Changes to Renewable Fuel Standard Program ("2010 Regulations")*, 75 Fed. Reg. 14,670, 14,675 (Mar. 26, 2010).

## FACTUAL BACKGROUND

14.     EPA has repeatedly failed to meet its statutory deadline for promulgating annual RFS regulations. For example:

- EPA did not promulgate the final 2010 RFS regulation until February 3, 2010, over three months late and into the compliance year, *see 2010 Regulations*, 75 Fed. Reg. 14,670;

- EPA did not promulgate the final 2012 RFS regulation until December 22, 2011, more than three weeks late, *see 2012 Standards for the Renewable Fuel Standard Program: Final Rulemaking*, 77 Fed. Reg. 1,320 (Jan. 9, 2012);

- EPA did not promulgate the final 2013 RFS regulation until August 6, 2013, 247 days late and nearly two-thirds of the way through the compliance year, *see Regulation of Fuels and Fuel Additives: 2013 Renewable Fuel Standards*, 78 Fed. Reg. 49,794 (Aug. 15, 2013);

- EPA did not promulgate the final 2014 RFS regulation until November 30, 2015, two years late and fully past the compliance year, *see Final Renewable Fuel Standards for 2014, 2015 and 2016, and the Biomass-Based Diesel Volume for 2017*, 80 Fed. Reg. 77,420 (Dec. 14, 2015);

- EPA did not promulgate the final 2015 RFS regulation until November 30, 2015, a year late and with only one month of the compliance year remaining, *see id*;

- EPA still has not promulgated the final 2021 RFS regulation (it has proposed the regulation and a consent decree has been entered requiring it to finalize the

regulation by June 3, 2022), *see Renewable Fuel Standard Program: RFS Annual Rules, Proposed Rule ("2021-2022 NPRM")*, 86 Fed. Reg. 72,436 (Dec. 21, 2021); Consent Decree ("2021-2022 Consent Decree"), ECF No. 10, *Growth Energy v. EPA*, No. 1:22-cv-00347 (D.D.C. Apr. 22, 2022).

- EPA still has not promulgated the final 2022 RFS regulation (it has proposed the regulation and a consent decree has been entered requiring it to finalize the regulation by June 3, 2022), *see 2021-2022 NPRM*; 2021-2022 Consent Decree.

15.    Under 42 U.S.C. § 7545(*o*)(2)(B)(ii), EPA was obligated to promulgate a rule establishing the applicable volumes for 2023 no later than fourteen months before the start of 2023.

16.    EPA has not promulgated a final RFS rule for 2023 (or even proposed one).

17.    EPA has thus failed to meet the statutory deadlines for promulgating the 2023 applicable volumes. This failure violates the clear, mandatory duty and deadline imposed on EPA by CAA Section 211(*o*), 42 U.S.C. § 7545(*o*) and harms Plaintiff's members, as described below.

## INJURIES RESULTING FROM EPA'S FAILURE TO ACT

18.    Plaintiff's members are biofuels producers whose fuel products are purchased by obligated parties to comply annually with their renewable volume obligations set under the RFS program, as described above. EPA's regulations setting applicable renewable fuel volumes directly dictate the level of national demand for the renewable fuels—including ethanol, biomass-based diesel, and cellulosic biofuels—produced by Plaintiff's members.

19.    Plaintiff's members have therefore suffered and continue to suffer economic injury due to EPA's failure to timely promulgate the final applicable volumes for 2023. Given

EPA's delay, by the time it issues 2023 applicable volumes, it may be too late for Plaintiff's members to be able to adjust their production levels to accord with the applicable volumes. This uncertainty and inability to plan future production directly affects Plaintiff's members' bottom line.

20.     Additionally, when EPA fails to meet its statutory deadlines, it often retroactively sets standards for the missed periods to match the actual levels of renewable fuel use that occurred in the absence of the RFS's market-forcing standards. *See Final Renewable Fuel Standards for 2014, 2015 and 2016, and the Biomass-Based Diesel Volume for 2017*, 80 Fed. Reg. 77,420, 77,426-27 (Dec. 14, 2015) (after missing deadlines, retroactively setting 2014 and 2015 obligations to levels of actual use).  EPA has proposed to use the same approach for 2021, *see 2021-2022 NPRM*, 86 Fed. Reg. at 72,438-39.  If EPA were to do the same for 2023, that would cause direct monetary harm to Plaintiff's members by lowering the ultimate demand for the renewable fuels they produce in comparison to what would have been demanded had the RFS's standards been timely adopted to fulfill their core purpose of spurring increased renewable fuel use.

21.     And the effects of these delays will be felt by Plaintiff's members in future years. As EPA has recognized, the actual market effects of the RFS standards and actual compliance activity are mediated through the "bank" of carryover RINs, that is, leftover compliance credits from a prior year that are available for compliance in a future year.

22.     These injuries are irreparable. Once an opportunity to plan supply or to sell renewable fuel has passed, it cannot be regained; the transportation fuel will have already been sold and used by the consumer without Plaintiff's renewable fuel. And Plaintiff cannot obtain compensatory damages from EPA for its unlawful actions.

## NOTICE

23.     Sixty days prior to bringing an action "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2), the plaintiff must give notice to the Administrator, *id.* at § 7604(b)(2).

24.     On November 2, 2021, Plaintiff provided notice of its intent to sue Defendants pursuant to Section 304(b)(2) of the CAA, 42 U.S.C. § 7604(b)(2), and 40 C.F.R. part 54 to enforce EPA's nondiscretionary duty to promulgate the 2023 regulation no later than fourteen months before the start of 2023. A copy of this letter is attached hereto as Exhibit.

25.     EPA received Plaintiff's notice letter, as demonstrated by the fact that EPA posted a copy on its webpage entitled "Notices of Intent to Sue the U.S. Environmental Protection Agency (EPA)," https://www.epa.gov/ogc/notices-intent-sue-us-environmental-protection-agency-epa.

26.     More than sixty days have passed since Plaintiff served that notice letter on EPA regarding EPA's failure to meet its statutory deadline for promulgating the 2023 RFS regulation.

## CLAIM FOR RELIEF

### Failure to Perform a Nondiscretionary Act or Duty
### to Promulgate the 2023 RFS Regulations

27.     CAA Section 211(*o*)(2)(B)(ii), 42 U.S.C. § 7545(*o*)(2)(B)(ii), requires EPA to "promulgate rules establishing the applicable volumes [for calendar years after 2022] no later than 14 months before the first year for which such applicable volume will apply."

28.     For calendar year 2023, EPA was required to promulgate a rule establishing the applicable volumes no later than fourteen months before the start of 2023.

29.     EPA did not promulgate a rule establishing the applicable volumes for 2023 at least fourteen months before the start of 2023—and still has not done so.

30.     EPA's failure to timely promulgate the 2023 applicable volumes in accordance with 42 U.S.C. § 7545(*o*)(2)(B)(ii) constitutes a failure "to perform any act or duty … which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

31.     EPA's failure has harmed and will harm Plaintiff's members by impairing their ability to plan their production and by reducing the demand for their renewable-fuel products.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Declare that Defendants have failed to perform a nondiscretionary act or duty under 42 U.S.C. § 7545(*o*)(2)(B)(ii) to promulgate the applicable volumes for 2023;

B.     Order EPA to promulgate final applicable volumes for 2023 promptly under 42 U.S.C. § 7545(*o*)(2)(B)(ii), pursuant to an expeditious deadline established by this Court;

C.     Retain jurisdiction to ensure compliance with the Court's order;

D.     Award Plaintiff the costs of its participation in this action, including reasonable attorneys' fees; and

E.     Grant such other relief as the Court deems just and proper.

April 29, 2022                              Respectfully submitted,

                                           */s/* Seth P. Waxman

                                           Seth P. Waxman (D.C. Bar No. 257337)
                                           David M. Lehn (D.C. Bar No. 496847)
                                           Wilmer Cutler Pickering Hale and Dorr LLP

9

1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6800
seth.waxman@wilmerhale.com

*Counsel for Growth Energy*