UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GROWTH ENERGY,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as Administrator, U.S. Environmental Protection Agency, and ENVIRONMENTAL PROTECTION AGENCY,<br><br>                Defendants. | No. 1:22-cv-01191-RC |

**JOINT MOTION TO ENTER CONSENT DECREE**

The parties jointly move the Court to sign and enter the attached proposed consent decree.

**BACKGROUND**

Growth Energy filed a complaint on May 2, 2022, alleging that the EPA Administrator failed to perform nondiscretionary duties mandated by the Clean Air Act to establish renewable fuel volumes for the 2023 compliance year under the Renewable Fuel Standard program. ECF No. 3.

The parties engaged in discussions to negotiate the terms of the proposed consent decree. Notice of a proposed consent decree was published in the Federal Register. 87 Fed. Reg. 31,233 (May 23, 2022). In accordance with section 113(g) of the Clean Air Act, 42 U.S.C. § 7413(g), EPA sought comments on the proposed consent decree for a thirty-day period following publication of the Federal Register notice. 87 Fed. Reg. at 31,233. The public comment period concluded on June 22, 2022. EPA received four comments. EPA and the Department of Justice

1

have determined that none of the comments disclosed facts or considerations that indicate that EPA or the Department of Justice should withhold consent under section 113(g) of the Clean Air Act.

Initially, EPA agreed to sign a notice of proposed rulemaking establishing the 2023 renewable fuel volumes by September 16, 2022 and to sign a final rule establishing the same by April 28, 2023. Following the comment period, and in accordance with paragraph 6 of the proposed consent decree, the parties agreed to extend those deadlines. Thus, under the proposed consent decree, EPA agrees to sign a notice of proposed rulemaking establishing the 2023 renewable fuel volumes by November 16, 2022 and to sign a final rule establishing the same by June 14, 2023. Proposed Consent Decree ¶¶ 4–5. Those deadlines may be further extended only by agreement of the parties or upon motion to the court. *Id.* ¶ 6. Those deadlines are also automatically extended if there is a lapse in EPA's appropriations prior to the deadlines. *Id.* ¶ 12. Each party would bear its own costs and attorney fees in this action. *Id.* ¶ 14.

## DISCUSSION

Entry of a consent decree is appropriate where a consent decree "fairly and reasonably resolves the controversy in a manner consistent with the public interest." *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1128 (D.C. Cir. 1983). In performing this inquiry, "the function of the reviewing court is not to substitute its judgment for that of the parties to the decree." *United States v. D.C.*, 933 F. Supp. 42, 46–47 (D.D.C. 1996); *United States v. Harley Davidson, Inc.*, No. 16-CV-1687(EGS), 2020 WL 5518466, at *3 (D.D.C. Sept. 14, 2020).

The proposed consent decree is procedurally fair. The proposed consent decree was negotiated in good faith, and at arm's length, by experienced counsel. *See United States v. Daimler AG*, No. CV 20-2564 (EGS), 2021 WL 878894, at *5 (D.D.C. Mar. 9, 2021). A thirty-

day opportunity for public comment was provided, and EPA and the Department of Justice considered the public comments. The proposed consent decree is also substantively fair and in the public interest because it establishes judicially enforceable deadlines by which EPA will complete the rulemaking at issue. The deadlines reasonably take into account EPA's available resources and competing priorities. Both parties achieve certainty, and this certainty outweighs the possibility that either party might achieve a better result after protracted and costly litigation.

## CONCLUSION

The Court should find that the proposed consent decree is fair, reasonable, and in the public interest. The Court should therefore sign and enter the attached proposed consent decree.

Respectfully submitted,

*/s/ Seth P. Waxman*
SETH P. WAXMAN
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 663-6800
seth.waxman@wilmerhale.com

*Counsel for Plaintiff*


TODD KIM
Assistant Attorney General

*/s/ Caitlin McCusker*
CAITLIN MCCUSKER
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1950
caitlin.mccusker@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Caitlin McCusker*