UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GROWTH ENERGY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-01191-RC |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) |
| Defendant. | ) |

**CONSENT DECREE**

WHEREAS, Plaintiff Growth Energy filed the above-captioned matter against Defendant U.S. Environmental Protection Agency ("EPA") alleging that EPA has failed to undertake a non-discretionary duty under the Clean Air Act and that such alleged failure is actionable under the Clean Air Act, 42 U.S.C. § 7604(a)(2);

WHEREAS, Growth Energy alleges that EPA failed to perform its obligation under the Clean Air Act, 42 U.S.C. § 7545(*o*)(2)(B)(ii), to promulgate a rule establishing the applicable volumes of renewable fuel for calendar year 2023;

WHEREAS, more than sixty days have passed since Growth Energy, under 42 U.S.C. § 7604(b)(2), notified EPA of its intent to bring this action;

WHEREAS, the relief requested in the complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its alleged obligation;

WHEREAS, Growth Energy and EPA (collectively, "the Parties") have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the agreement embodied in this consent decree includes a date certain by which EPA must finalize a rulemaking establishing the applicable renewable fuel volumes for calendar year 2023;

WHEREAS, EPA intends to establish applicable percentage standards for calendar year 2023 in the same rulemaking that establishes the applicable renewable fuel volumes for calendar year 2023;

WHEREAS, the Parties consider this consent decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate this settlement;

WHEREAS, the Parties agree that resolution of this matter without further litigation is in the interest of the public, Growth Energy, EPA, and judicial economy; and

WHEREAS, the Court, by entering this consent decree, finds that the consent decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any undecided issues of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

1. This Court has jurisdiction over the claims set forth in the complaint and may order the relief contained in this consent decree. Venue is proper in the United States District Court for the District of Columbia.

2. The Parties to this consent decree are Growth Energy and EPA.

3. The Parties shall not challenge the terms of this consent decree or this Court's jurisdiction to enter and enforce this consent decree.

4. No later than November 16, 2022, EPA shall sign a notice of proposed rulemaking that proposes to establish, in accordance with 42 U.S.C. § 7545(*o*)(2)(B)(ii), the applicable volumes of renewable fuel for calendar year 2023.

5. No later than June 14, 2023, EPA shall sign a final rule establishing, in accordance with 42 U.S.C. § 7545(*o*)(2)(B)(ii), the applicable volumes of renewable fuel for calendar year 2023.

6. The deadlines set forth in Paragraphs 4–5 may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of EPA for good cause shown. Any other provision of this consent decree also may be modified by the Court following motion of an undersigned party for good cause shown.

7. The Court shall retain jurisdiction to determine and effectuate compliance with the consent decree. When EPA's obligations under Paragraphs 4–5 have been completed, the above captioned matter shall be dismissed with prejudice and this consent decree shall terminate.

8. Except as provided herein, nothing in this consent decree shall be construed to limit or modify any discretion accorded to EPA by the Clean Air Act or by general principles of administrative law in taking the actions that are the subject of this consent decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this consent decree. EPA's obligation to perform each action specified in this consent decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this consent decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to the Clean Air Act, 42 U.S.C. § 7607(b)(1), including but not limited to judicial review of the final rule(s) issued by EPA pursuant to Paragraphs 4–5.

10. Any notices required or provided for by this consent decree shall be in writing, via email or other means, and sent to the following:

    a. For Plaintiff Growth Energy:

        Seth P. Waxman

>Wilmer Cutler Pickering Hale & Dorr LLP
>1875 Pennsylvania Avenue NW
>Washington, DC 20006
>seth.waxman@wilmerhale.com
>
>David M. Lehn
>Wilmer Cutler Pickering Hale & Dorr LLP
>1875 Pennsylvania Avenue NW
>Washington, DC 20006
>david.lehn@wilmerhale.com
>
>Joseph Kakesh
>Growth Energy
>701 8th Street NW, Suite 450
>Washington, DC 20001
>jkakesh@growthenergy.org

b. For Defendant EPA:

>Chief, Environmental Defense Section
>U.S. Department of Justice
>P.O. Box 7611
>Washington, D.C. 20004
>MailProcessing_EDS.ENRD@usdoj.gov
>
>Caitlin McCusker
>U.S. Department of Justice
>Environment and Natural Resources Division
>Environmental Defense Section
>P.O. Box 7611
>Washington, D.C. 20044
>caitlin.mccusker@usdoj.gov

11. The Parties acknowledge that the obligations imposed on EPA under this consent decree can be undertaken using only appropriated funds legally available for such purpose. No provision of this consent decree shall be interpreted as or constitute a commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

12. If a lapse in EPA's appropriations occurs prior to any deadline in this consent decree, that deadline shall be extended automatically by one calendar day for each calendar day of

delay caused by the lapse in appropriations. No notice is required to extend time in connection with a lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this consent decree under Paragraph 6.

13. The Parties agree that this consent decree shall constitute a complete and final settlement of all claims in the complaint.

14. Each party to this consent decree shall bear its own costs and attorney fees in this action.

15. If for any reason the Court declines to approve this consent decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed consent decree's terms may not be used as evidence in any litigation between the Parties.

16. The Parties treat this consent decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this consent decree.

17. This consent decree constitutes the entire agreement between the Parties and supersedes any prior or contemporaneous agreements, discussions, or representations, oral or written, with respect to the resolution of this case.

18. The Parties acknowledge that EPA must provide notice of this consent decree in the Federal Register and an opportunity for public comment pursuant to the Clean Air Act, 42 U.S.C. § 7413(g). After the close of the public comment period, the Administrator of EPA and/or the Attorney General, as appropriate, shall promptly consider any written comments and decide whether to withdraw or withhold their consent to this consent decree, in accordance with the Clean Air Act, 42 U.S.C. § 7413(g). If the Administrator and/or the Attorney General do not elect to

withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this consent decree.

19.     This consent decree applies to, is binding upon, and inures to the benefit of the Parties and their successors, assigns, and designees. This consent decree shall not be construed to create any rights in, or grant any cause of action to, any third party that is not a party to this consent decree.

20.     The undersigned representatives of the Parties certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this consent decree.

SO ORDERED on this 25th day of July, 2022.

_____
United States District Judge

FOR GROWTH ENERGY:

*Seth P. Waxman*  DATED: 7/22/2022

Seth P. Waxman
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
seth.waxman@wilmerhale.com

FOR EPA:

/s/ Caitlin McCusker                              DATED: 7/22/2022
Caitlin McCusker
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1950
caitlin.mccusker@usdoj.gov